IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JESUS RAFAEL SUAREZ-COLON,

Defendant.

CRIMINAL NO. 09-364 (FAB)
CRIMINAL NO. 11-438 (FAB)

**REPORT AND RECOMMENDATION**

Defendant Jesús Rafael Suárez was charged in Counts Eight, Nine, Twenty-Nine, Thirty-One and Thirty-Three of Indictment in Cr. No. 09-364 (FAB); and in Count One of an Information in Cr. No. 11-438 (FAB), and he agreed to plead guilty to Counts Eight and the Forfeiture Allegation (Count Thirty-Three) of the Indictment in Cr. No. 09-364 (FAB) and Count One and the Forfeiture Allegation of the Information in Cr. No. 11-438 (FAB).

Count Eight in Cr. No. 09-364 (FAB) charges that, from in or about October, 2004 to in or about March, 2005, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, knowingly and willfully, combined, conspired and agreed with each other, and with other persons known and unknown to the Grand Jury, to knowingly execute a scheme and artifice to defraud and to obtain moneys and funds owned by and under the custody of, Santander Mortgage and First Bank, federally insured financial institutions, as that term is defined in Title 18, United States Code, Section 20, by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Sections 1344 and 1349.

Count Thirty-Three in Cr. No. 09-364 (FAB) charges that, the allegations of Count One through Thirty-Two are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the

United States of America v. Jesus Rafael Suárez-Colón  
Criminal No.  09-364-6 (FAB)  
Criminal No.  11-438 (FAB)  
Report and Recommendation  
Page 2

provisions of Title 18, United States Code, Section 981(a)(a)© as incorporated through Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 982(a)(2). As a result of the bank fraud offenses alleged in this Indictment, that is, Title 18, United States Code, 1344, the defendants herein, shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of such offense. A. Money Judgment - A sum of money in United States currency representing the amount of proceeds rendered as a result of the offenses charged in Count One through thirty-Two for which the defendants are jointly and severally liable. B. Substitute Assets - In the event any of the above-mentioned assets, as a result of any act or omission of the defendant: 1. cannot be located upon exercise of due diligence; 2. has been transferred or sold to, or deposited with, a third party; 3. has been placed beyond the jurisdiction of this court; 4. has been substantially diminished in value; or 5. has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant, up to an amount equivalent to the value of the property forfeitable.

Count One in Cr. No. 11-438 (FAB) charges that, from in or about 2003 to 2008, in the District of Puerto Rico, within the jurisdiction of this Court, and elsewhere, the defendant herein, knowingly and willfully, combined, conspired and agreed with others known and unknown, to knowingly execute a scheme and artifice to defraud and to obtain moneys and funds owned by and under the custody and control of First Bank, R&G Premier Bank, CitiBank, Doral Bank, Banco Popular de Puerto Rico and Oriental Bank all federally insured financial institutions, as that term is defined in Title 18, United States Code, Section

20, by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344 and 1349.

FORFEITURE ALLEGATIONS - The allegations of Count One are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)© as incorporated through Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 982(a)(2). As a result of the bank fraud offenses alleged in this Indictment, that is, Title 18, United States Code, 1344, the defendant herein, shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of such offense. A. MONEY JUDGMENT - A sum of money in United States currency representing the amount of proceeds rendered as a result of the offenses charged in Count One for which the defendants are jointly and severally liable. B. SUBSTITUTE ASSETS - In the event any of th above-mentioned assets, as a result of any act or omission of the defendant: 1. cannot be located upon exercise of due diligence; 2. has been transferred or sold to, or deposited with, a third party; 3. has been placed beyond the jurisdiction of this court; 4. has been substantially diminished in value; or 5. has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant, up to an amount equivalent to the value of the property forfeitable.

On October 25, 2011, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court. Defendant was provided with a Waiver of Right

United States of America v. Alexander Cruz-Romero
Criminal No. 10-406-10 (JAG)
Criminal No. 10-407-36 (ADC)
Report and Recommendation
Page 4

to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

As to Criminal Case 11-438 (FAB), defendant was provided with the Waiver of Indictment which he signed and was approved by the Court. As such, defendant waived in open court prosecution by indictment and consented to proceed by information rather than indictment. Accordingly, the Information in Criminal Case 11-438 (FAB) was filed.

Defendant indicated and confirmed his intention to plead guilty to Counts Eight and Thirty-Three of the Indictment in Cr. No. 09-364 (FAB) and Count One of the Information in Cr. No. 11-438 (FAB), upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts Eight and Thirty-Three of the Indictment in Cr. No. 09-364(FAB) and Count One of the Information in Cr. No. 11-438(FAB), he was examined and verified as being correct that: he had consulted with his counsel, Frankie Acevedo-Padilla, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and Information, and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  he was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  he was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Acevedo-Padilla, indicated he freely and voluntarily waived those rights and understood the consequences.  During all this colloquy, defendant was made aware that he could freely

Case 3:11-cr-00438-FAB   Document 7   Filed 10/27/11   Page 6 of 11

United States of America v. Alexander Cruz-Romero
Criminal No. 10-406-10 (JAG)
Criminal No. 10-407-36 (ADC)
Report and Recommendation
Page 6

request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The maximum penalties for the offense charged in Count Eight of the Indictment in Cr. No. 09-364(FAB) and Count One of the Information in Cr. No. 11-438(FAB) is a term of imprisonment of thirty (30) years, a term of supervised release of not more than five (5) years in addition to any term of imprisonment, and a fine not to exceed One Million dollars ($1,000,000.00).

Pursuant to paragraph number three, defendant shall pay a special assessment of one hundred dollars ($100.00) per count of conviction, for a total of two hundred dollars ($200.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts Eight and Thirty-Three of the Indictment in Cr. No. 09-364 (FAB) and in Count One of the Information in Cr. No. 11-438 (FAB), as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages six and seven, paragraph seven of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.

Regarding Count Eight of the Indictment in Cr. No. 09-364 (FAB) and in Count One of the Information in Cr. No. 11-438 (FAB), the Base Offense Level pursuant to U.S.S.G. §§ 2B1.1(a)(2) is of Seven (7). Pursuant to U.S.S.G. § 2B1.1(b)(1)(I), an increase of sixteen (16) levels is agreed for the amount of the loss (more than $1,000,000.00). Pursuant to U.S.S.G. § 3B1.1, an increase of four (4) levels is agreed for leadership role. Pursuant to U.S.S.G. §§ 3D1.2 and 3D1.4, an increase of one (1) level is agreed for grouping of counts. Pursuant to U.S.S.G. § 3E1.1(a), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Five (25), yielding an imprisonment range of fifty-seven (57) to seventy-one (71) months if the Criminal History Category is I.

Pursuant to paragraph nine of the Agreement, at sentencing, the parties agree to recommend that defendant be sentenced to a total of sixty (60) months in prison. The defendant agrees that this sentence is reasonable pursuant to Title 18, United States Code, § 3553(a). At sentencing, the United States will move to dismiss any remaining counts.

The United States and the defendant agree that no further adjustments or departures shall be requested by the parties and that this agreement considers relevant factors set forth

United States of America v. Alexander Cruz-Romero
Criminal No. 10-406-10 (JAG)
Criminal No. 10-407-36 (ADC)
Report and Recommendation
Page 8

in Title 18, United States Code, § 3553. The parties further agree that any request for a term of imprisonment outside of the applicable guideline range shall constitute a material breach of this Plea Agreement.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

Pursuant to the Forfeiture Provisions, defendant, in exchange for the above-mentioned terms and sentence recommendation, agrees as follows:

a. To surrender and forfeit to the United States and to relinquish all rights, title and interest defendant may have in THE SUM OF ONE MILLION SEVEN HUNDRED ELEVEN THOUSAND AND TWO HUNDRED AND FIFTY DOLLARS ($1,711,250.00) before sentencing. This sum represents the amount of money the defendant received as a result of the Bank Fraud and Money Laundering in the present Mortgage Fraud case. Thus, this money shall be forfeited to the United States pursuant to Title 18, United States Code, Section 853.

b. In agreeing to the forfeiture stated above, defendant acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty.

c. Defendant understands that upon the signature of this Plea and Forfeiture Agreement all rights and interests in the property described subparagraph (a) above shall be vested in the United States and defendant will have waived any judicial or administrative claims that defendant may have regarding the forfeiture of said property, including any claim of double jeopardy.

United States of America v. Alexander Cruz-Romero
Criminal No. 10-406-10 (JAG)
Criminal No. 10-407-36 (ADC)
Report and Recommendation
Page 9

The defendant agrees to sign any additional documents that defendant may be required to sign in order to complete the forfeiture proceedings regarding the forfeiture of the above-described property before sentencing.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged in both cases and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offenses, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission as to both cases.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have

a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment and Information in open court because he is aware of their content. Defendant was shown a written document entitled "Stipulated Version of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts Eight and Thirty-Three of the Indictment in Cr. No. 09-364 (FAB) and in Count One of the Information in Cr. No. 11-438 (FAB) was what he had done and to which he was pleading guilty during these proceedings.

Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offenses charged in both cases. Thereupon, defendant indicated he was pleading guilty to Counts Eight and Thirty-Three of the Indictment in Cr. No. 09-364 (FAB) and in Count One of the Information in Cr. No. 11-438 (FAB).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts Eight and Thirty-Three of the Indictment in Cr. No. 09-364 (FAB) and in Count One of the Information in Cr. No. 11-438 (FAB).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be set promptly, before Honorable Francisco A. Besosa, District Court Judge.

San Juan, Puerto Rico, this 26th day of October of 2011.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE